# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JABARI WRIGHT, | |
| Plaintiff, | 8:15CV271 |
| vs. | ORDER |
| RL LIQUOR, RUTH L. DAILEY, and DOES 1-5, | |
| Defendants. | |

This matter is before the court on the plaintiff's Motion to Compel (Filing No. 18) and Motion for Sanctions (Filing No. 21) and the defendants' Motion to File Amended Answer (Filing No. 29). The plaintiff filed briefs (Filing Nos. 19 and 22) and an index of evidence (Filing Nos. 25-27) in support of the motions. The defendants filed a briefs (Filing Nos. 30-31) in response to each of the plaintiff's motions. The plaintiff did not respond to the defendants' motion, but he did a reply brief (Filing No. 34-1) in support of his motions.

The plaintiff initiated this action alleging the defendants maintain a property open to the public and provides goods and services to the public, but with architectural barriers to access in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181, et seq. **See** Filing No. 4 - Amended Complaint ¶¶ 10-11, 16. On August 19, 2015, the defendants filed their Answer to the Amended Complaint generally denying the essential allegations. **See** Filing No. 9 - Answer. The Amended Complaint specifically alleges, "Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants." **See** Filing No. 4 - Amended Complaint ¶ 19. The defendants responded, "The Defendants having denied that there are any barriers to access the local property in question, affirmatively allege that the premises in question is and has been in compliance with the ADA accessibility guidelines referred to paragraph 16 of the Plaintiff's Amended Complaint." **See** Filing No. 9 - Answer ¶ 22. Although the defendants do not mention the feasibility of repairs, they state:

> The defendants specifically deny that the Plaintiff has ever been obligated to retain counsel in connection with the prosecution of this action and affirmatively allege that the Plaintiff failed to do proper and sufficient investigation to determine whether or not the allegations contained in his Amended Complaint are accurate and had the Plaintiff done so, he would have found no basis for the Amended Complaint filed herein.

*Id.* ¶ 24.

On September 17, 2015, the plaintiff served the defendants with an interrogatory requesting financial information for the purpose of determining whether the repairs at issue are "financially readily achievable" by the defendants. **See** Filing No. 18 - Motion to Compel p. 1. There is no dispute the defendants timely objected on the bases of relevance and materiality to the request. **See** Filing No. 19 - Brief p. 1. The parties conferred and the plaintiff suggested the defendants stipulate "that brin[g]ing the Property into compliance with the Americans with Disabilities Act is 'financially readily achievable.'" **See** Filing No. 18 - Motion to Compel p. 2. The defendants refused. *Id.*

The plaintiff also seeks sanctions related to the defendants' failure to serve discovery disclosures, as required by Fed. R. Civ. P. 26(a)(1)(A)(i), which were due on October 21, 2015, pursuant to the court's September 16, 2015, scheduling order. **See** Filing No. 21 - Motion for Sanctions; Filing No. 12 - Order ¶ 3. The plaintiff's counsel contacted the defendants' counsel several times prior to the disclosure deadline to obtain the disclosures and filed his motion for sanctions seven days after the deadline. **See** Filing No. 21 - Motion for Sanctions. As a sanction, the plaintiff seeks default judgment against the defendants. *Id.* The plaintiff states attempts to confer regarding the disclosures were met without explanation for the delay but with an unjustified request to dismiss the lawsuit. *Id.*

In response to both of the plaintiff's motions, the defendants seek to amend their Answer. **See** Filing No. 29. The defendants contend the proposed amendments render the plaintiff's interrogatory moot. **See** Filing No. 31 - Response p. 1-2. Specifically, the defendants allege the property in question meets the statutory requirements and the defendants already bore any costs related to such repair. *Id.* In fact, the defendants allege "the necessary acts to comply with the ADA had been taken prior to [the plaintiff's expert's] alleged last visit and . . . the Defendants are in compliance." *Id.* at 2. The

defendants state they invited the plaintiff and his expert to inspect the property, but the plaintiff refused. *Id.* at 2. Furthermore, the defendants argue their Answer and responses to interrogatories contain all information otherwise required by 26(a)(1)(A)(i), making such initial disclosures superfluous. **See** Filing No. 30 - Response p. 1-2.

The plaintiff argues the defendants' "willful failure to comply with discovery" despite the plaintiff's "clear record of [ADA] violations" "totally stalled" the discovery process and warrant default judgment. **See** Filing No. 34-1 - Reply p. 1-2. Further the plaintiff seeks the costs associated with previously sending an expert to the property, when, he contends, the property was not in compliance despite the defendants' assurances, and reasonable attorney's fees prior to considering voluntary dismissal. *Id.*

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires." However, "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment. Duplicative and frivolous claims are futile." **Reuter v. Jax Ltd., Inc.**, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation omitted). The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial. **Roberson v. Hayti Police Dep't**, 241 F.3d 992, 995 (8th Cir. 2001); **see Hanks v. Prachar**, 457 F.3d 774, 775 (8th Cir. 2006). There is no absolute right to amend. **Hartis v. Chicago Title Ins. Co.**, 694 F.3d 935, 948 (8th Cir. 2012). Whether to grant a motion for leave to amend is within the sound discretion of the district court. **Popoalii v. Corr. Med. Servs.**, 512 F.3d 488, 497 (8th Cir. 2008). The plaintiff does not oppose the defendants' proposed amendments and no legal justification appears to prevent them. Accordingly, the defendants' motion to amend the Answer to include the proposed changed is granted.

The plaintiff does not deny the amendment moots the motion to compel nor suggest the information sought in the subject interrogatory is otherwise relevant or material to the action. Therefore, the plaintiff's motion to compel is denied. The court will not award or impose expenses in conjunction with the motion to compel pursuant to Fed. R. Civ. P. 37(a)(5) as both parties' positions were substantially justified.

3

Similarly, the defendants have shown preliminary compliance with the disclosures requirements found in Rule 26(a).  Rule 37 sanctions, including default judgment, are inappropriate at this stage of the litigation and under the present circumstances.  Nevertheless, the defendants are under a continuing obligation to supplement such disclosures, pursuant to Rule 26(d), as necessary under the evolving facts of the lawsuit.  The parties' briefs suggest the defendants completed some repair or alterations to the property for which the defendants have yet to supply information to the plaintiff.  **See, e.g.**, Filing No. 30 - Response p. 2 (noting the defendants "acknowledge . . . the remaining information sought is readily available and would be forthcoming through further discovery").  The defendants shall immediately supplement their disclosures to supply any relevant information or documents pursuant to Rule 26(a)(1)(A)(ii) supporting their defense the property is in compliance with ADA requirements.  Upon consideration,

**IT IS ORDERED**:

1. The plaintiff's Motion to Compel (Filing No. 18) is denied.
2. The plaintiff's Motion for Sanctions (Filing No. 21) is denied.
3. The defendants' Motion to File Amended Answer (Filing No. 29) is granted.  The defendants shall have until **November 25, 2015**, to file the Amended Answer.

Dated this 19th day of November, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge