IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JABARI WRIGHT,<br><br>            Plaintiff,<br><br>    vs.<br><br>RL LIQUOR, RUTH L. DAILEY and R2, D2, INC.,<br><br>            Defendants. | 8:15CV271<br><br>**ORDER** |

This matter is before the court on the plaintiff's objection (Filing No. 85) to the Order on Final Pretrial Conference ("Pretrial Order") (Filing No. 82) and on the plaintiff's Motion in Limine (Filing No. 75). This is an action for failure to comply with the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12181 *et seq*. The matter is set for trial on October 17, 2016.

In the Pretrial Order, the magistrate judge struck the plaintiff's Amended Complaint (Filing No. 81) as having been filed without leave of court. However, the record shows that the plaintiff had been granted leave to amend his Complaint to substitute R2, D2, Inc. ("R2D2") for defendants Does 1-5 (Filing No. 78, text order). The plaintiff represented to the Court that his motion to amend to name proper parties and correct caption (Filing No. 77) was unopposed. Further, the record shows that R2D2 has been participating in the litigation since October 14, 2015 (Filing No. 16), and will not be prejudiced by its addition as a party defendant. Accordingly, the Court finds the Plaintiff's objection should be sustained, the Amended Complaint should be deemed filed, and R2,D2, Inc. should be added as a defendant.

Before he moved to amend the Complaint, the plaintiff had moved in limine for an order excluding R2D2's corporate tax returns (defendant's proposed exhibits 2-4) "and any other exhibits related to financial information" as untimely and irrelevant. He argued that the defendant had waived a financially "readily achievable" affirmative defense so

the documents were irrelevant, and further argued the disclosure of the financial information was untimely. In view of the magistrate judge's order stating that R2D2 could not be added as a party, the defendants responded to the plaintiff's motion in limine by conceding the exhibits were not relevant and withdrawing them. Under the circumstances, the defendant will not be bound by its offer to withdraw the exhibits. Also, the record shows that the "readily achievable" defense remains at issue. The Pretrial Order supersedes the pleadings and the "readily achievable" issue is listed, without objection, as a controverted and unresolved issue (Filing No. 82, Pretrial Order at 2). Because the Court will allow R2D2 to be substituted as a party defendant, the court will deny the plaintiff's Motion in Limine, without prejudice to reassertion at trial.

Notably, this is a trial to the Court. Trial courts should be more reluctant to exclude evidence in a bench trial than a jury trial. *See First Am. State Bank v. Cont'l Ins. Co.,* 897 F.2d 319, 328 (8th Cir. 1990); *Builders Steel Co. v. Comm'r*, 179 F.2d 377, 379 (8th Cir. 1950). In bench trials evidence should be admitted and then sifted when the district court makes its findings of fact and conclusions of law. *Fields Eng'g & Equip., Inc. v. Cargill, Inc.,* 651 F.2d 589, 594 (8th Cir. 1981). In a nonjury case, the trial court is presumed to consider only the competent evidence. *First Am. State Bank*, 897 F.2d at 328. Where the court has assumed the role of fact-finder in a bench trial, "the better course" is to "hear the testimony, and continue to sustain objections when appropriate." *Easley v. Anheuser-Busch, Inc.,* 758 F.2d 251, 258 (8th Cir. 1985). Because this is a bench trial, the Court finds the plaintiff's Motion in Limine should be denied, without prejudice to a timely objection at trial. Accordingly,

IT IS ORDERED:
1. Plaintiff's objection (Filing No. 85) to the Pretrial Order is sustained.
2. Plaintiff's Amended Complaint is deemed filed.
3. R2D2 is added as a party defendant.

4. The plaintiff's Motion in Limine (Filing No. 75) is denied without prejudice to reassertion at trial.

Dated this 5th day of October, 2016.

                                                                            BY THE COURT:

                                                                            s/ *Robert F. Rossiter, Jr.*
                                                                            United States District Judge